IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:  2021-CA-3285
DIVISION:  CV-H

ANTHONY CHANG,

    Plaintiff,

vs.

YEZEL SHIPPING LIMITED PARTNERSHIP, and
MAERSK A/s, foreign corporations, as owners, managers,
operators and charters of M/V CAP ANDREAS,

    Defendants.
_____/

## AMENDED COMPLAINT
(Jury Trial Demanded)

    Plaintiff, ANTHONY CHANG, sues Defendants, YEZEL SHIPPING LIMITED PARTNERSHIP, and MAERSK A/s, foreign corporations, as owners, managers, operators and charters of M/V CAP ANDREAS, and states:

    1.    This is a cause of action for damages which exceed $30,000 and is within the jurisdiction of this Circuit Court.

    2.    This action is governed by the principles of Admiralty Law. This action arises in part pursuant to the provisions of the Longshore and Harborworkers Compensation Act, 46 U.S.C. 905(b) as well as the general maritime law of the United States, in all cases saving to suitors the rights and remedies herein.

    3.    Plaintiff, ANTHONY CHANG, is an individual who resides in Duval County, Florida and is sui juris.

4. Venue of this action is proper in Duval County as the cause of action accrued here.

5. The stevedoring company was TraPac, LLC, Plaintiff's employer for provision of temporary workers for the job.

6. Defendants are subject to jurisdiction of the Courts of this State by virtue of having committed a tort within this State, and by causing injury to persons within this State arising out of an act or omission outside this State in connection with products manufactured by Defendants that were used or consumed in this State, and by engaging in substantial activity within this State.

7. Defendants, YEZEL SHIPPING LIMITED PARTNERSHIP, and MAERSK A/s, foreign corporations, as owners, managers, operators and charters of M/V CAP ANDREAS, were authorized to do business and doing business in the State of Florida, are now and at all material times were the owners or operators of M/V CAP ANDREAS, as well as the carrier of the cargo being loaded. Upon information and belief, YEZEL SHIPPING LIMITED PARTNERSHIP, and MAERSK A/s, are foreign corporations, or related companys, was also the charterer of the vessel.

8. The vessel M/V CAP ANDREAS was at all material times employed as a cargo vessel. The Plaintiff, ANTHONY CHANG, was employed on board the vessel as a longshoreman at the time of the injuries described in the Complaint.

9. On or about June 27, 2018, Plaintiff, ANTHONY CHANG, was working as a longshoreman for TraPac, LLC, the stevedoring company, on board the vessel. On or about that date, Plaintiff was injured while employed aboard the vessel as a Longshoreman. Plaintiff was a

privately employed worker engaged in work aboard the vessel while she was afloat in navigable waters of the United States, and Plaintiff was a Longshoreman and not a Jones Act Seaman.

10. At the time of the circumstances giving rise to this Complaint, the vessel was discharging cargo in the Port of Jacksonville, Florida. The stevedoring was being conducted under the direct supervision of managers and employees of M/V CAP ANDREAS, with the specific responsibility to turn over the vessel to the stevedore in a seaworthy condition. Owners and their agents had a continuing duty to intervene when they knew of a dangerous condition within the ship's control or when it became apparent that the Stevedore and Longshoremen were either unaware of the hazardous conditions created by the vessel and her agents, or if aware, was nevertheless proceeding improvidently with the work in the face of the significant hazards presented. Owners and their agents had a duty of reasonable care toward all persons including Plaintiff in areas of the vessel or in the performance of the work in which they exercised active control.

11. The incident would not have occurred but for the negligence of Defendants, their agents and employees. Specifically, but without limitation as discovery reveals, Defendants failed in their duties to properly maintain the ship, manage the work-site and to provide adequate facilities aboard the vessel to allow the work to be performed safely; they failed to intervene in the work when it became clear that the hazards encountered were not being addressed, and otherwise attend to compliance with customary safety rules and regulations, despite notice of the undue risks and opportunity to alleviate the dangerous conditions then existing; they were negligent in their management of those areas of the vessel in which they exercised active control. Specifically, and without prejudice to discovery of other negligent acts, Defendants failed to inspect, maintain and/or repair the iron gate on the lashing bridge, and in the course of said work

failed to provide safe working conditions, causing Plaintiff to receive a right knee, ankle and leg injuries.

12. The actions of the owners and charterers of the vessel and their agents, cargo interest and their agents and of the vessel and those in charge of her were negligent and in careless or reckless disregard of the safety of life and property in the surrounding work area.

13. As a direct proximate result of the negligence of the Defendants, Plaintiff was seriously injured. The injuries to the Plaintiff has left him disabled and are otherwise permanent in nature, and Plaintiff has incurred and will continue to incur expenses for his continued medical care, and has suffered a loss of income, loss of capacity to enjoy life, and pain and suffering.

14. The Plaintiff's employer may claim an interest in the outcome of this action by virtue of having provided medical care and services in treatment of the Plaintiff's injuries, pursuant to the Longshore and Harborworkers Compensation Act (the "LHWCA").

15. The Employer and its insurers have paid and will continue to pay for the medical treatment of Plaintiff's injuries, and have a lien pursuant to statute for the amount of those payments.

**COUNT I**
**Owners/Carrier/Charter (905(b))**
**YEZEL SHIPPING LIMITED PARTNERSHIP, and MAERSK A/s, foreign corporations, as owners, managers, operators and charters of M/V CAP ANDREAS**

16. Plaintiff realleges and incorporates herein the statements contained in the above paragraphs 1-15 as if fully set forth herein and further alleges:

17. The vessel and her owners, charterers and agents YEZEL SHIPPING LIMITED PARTNERSHIP, and MAERSK A/s, foreign corporations, as owners, managers, operators and charters of M/V CAP ANDREAS, owed a duty of reasonable care to turn over the vessel to Plaintiff, ANTHONY CHANG, and his employers, in a condition fit for the stevedores and the

plaintiff to safely work on board the vessel, to warn of latent defects in the condition of the vessel, her equipment and her cargo, and to intervene in cargo operations when it became clear the stevedore either did not appreciate the danger, or was continuing operations improvidently in the face of the danger. Owners and their agents had a duty of reasonable care toward all persons including plaintiff in areas of the vessel or in the performance of the work in all areas in which they exercised active control.

18. The Defendant vessel, her owners, charterers and agents, breached their duty by turning over the vessel to and the Plaintiff in a dangerous condition, including, but not limited to, the following: Defendants actively controlled the method of performance of Plaintiff's work; Defendants provided defective equipment for use by the stevedores; Defendants failed to warn the stevedores of the defective condition of the ship's equipment; Defendants exercised active control over the manner of performance of the work and over the work area, and did so in a negligent fashion; Defendants failed to intervene when it was apparent that the stevedore improvidently intended to continue in the face of the danger.

19. As a direct and proximate result of the Defendants' negligence, the Plaintiff sustained serious injuries.

20. Plaintiff sustained loss of income, loss of earning capacity, pain and suffering in the past and future, mental anguish, medical bills and other damages for which the defendants are liable.

WHEREFORE, Plaintiff demands judgment for his damages as shown by the proofs herein, against the Defendants, jointly and severally, and further that this Court award pre-judgment interest on all liquidated damage amounts, and post judgment interest on all other

elements of damages, together with costs of this action, and such other and further relief as this court may deem proper.

**COUNT II**
**Owners and Operators of M/V CAP ANDREAS**
**General Maritime Law:**

21.     Plaintiff realleges and incorporates herein the statements contained in the above paragraphs 1-15 as if fully set forth herein and further alleges:

22.     YEZEL SHIPPING LIMITED PARTNERSHIP, and MAERSK A/s, foreign corporations, as owners, managers, operators and charters of M/V CAP ANDREAS, acted as agents for the vessel and cargo interests, charged with overseeing the discharge of the cargo. YEZEL SHIPPING LIMITED PARTNERSHIP, and MAERSK A/s, foreign corporations, as owners, managers, operators, were in active control of the work area on behalf of the owners of the vessel and cargo, and had a duty of reasonable care in the performance of their duties on behalf the vessel, her owners, and cargo interests. YEZEL SHIPPING LIMITED PARTNERSHIP, and MAERSK A/s, foreign corporations, knew or should have known that the condition of the vessel's equipment rendered it unsafe, and to warn of latent defects in the condition of the vessel's equipment, and to intervene in cargo operations when it became clear the stevedore either did not appreciate the danger, or was continuing operations improvidently in the face of the danger.

23.     The Defendant owners and operators of M/V CAP ANDREAS, breached their duty to the Plaintiff as follows, without limitation as discovery permits: Specifically, but without limitation as discovery reveals, Defendants failed in their duties to properly maintain the ship, manage the work-site and to provide adequate facilities aboard the vessel to allow the work to be performed safely; they failed to intervene in the work when it became clear that the hazards

encountered were not being addressed, and otherwise attend to compliance with customary safety rules and regulations, despite notice of the undue risks and opportunity to alleviate the dangerous conditions then existing; they were negligent in their management of those areas of the vessel in which they exercised active control. Specifically, and without prejudice to discovery of other negligent acts, Defendants actively controlled the manner of performance of Plaintiff's work, and in the course of said work failed to provide safe working conditions, causing Plaintiff to receive a blast of sound to his ears, resulting in the injuries described herein.

24. As a direct and proximate result of the Defendant's negligence, the Plaintiff sustained serious injuries.

25. Plaintiff sustained loss of income, loss of earning capacity, pain and suffering in the past and future, mental anguish, medical bills and other damages for which the defendants are liable.

WHEREFORE, Plaintiff demands judgment for his damages as shown by the proofs herein, against the Defendants, jointly and severally, and further that this court award pre-judgment interest on all liquidated damage amounts, and post judgment interest on all other elements of damages, together with costs of this action, and such other and further relief as this court may deem proper.

### Demand for Jury

Plaintiff demands trial by jury of all issues so triable.

Dated this 28th day of October, 2021.

WOODLIEF & RUSH, P.A.

*/s/ Mitchel E. Woodlief*
MITCHEL E. WOODLIEF, ESQ.
Florida Bar No: 367036
225 E. Church Street
Jacksonville, Florida 32202
(904) 353-7511 - phone
(904) 354-1319 - fax
jax@woodliefandrush.com
***Attorney for Plaintiff***

8